# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

PROVIDED BY SANTA ROSA C.I.

ON 6/19/05

FOR MAILING. T.K

THIAMOND KING,

Inmate # 342775 .
   (Enter full name of Plaintiff)

vs.

CASE NO: 3:05CV226/RV/EMT
(To be assigned by Clerk)

JAMES CROSBY, Secretary of FDOC,

J.S. PETROVSKY, Warden,

BURNHAM, Captain

SUTTON, Officer

SUTTLES, Officer

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

DEAN, Sergeant

BROWN, Officer

GEELOW, Sergeant

COOK W.R., Officer

STONE K., Sergeant

JARVIS, Officer

NORRIS, Officer

SMITH, Officer

Gosh, Officer

ROGERS, Officer

DAVIS, Officer

DICKS, Captain

BOOKER, Grievance Coordinator

LEDKINS, Institutional Inspector

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

STANFORD, Classification Officer

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 JUN 21  PM 12: 56

FILED

Emergency
Request for Protection

## I.  PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:  THIAMOND KING

Inmate Number  342775

Prison or Jail:  Santa Rosa Correctional Institution

Mailing address:  5850 East Milton Road

Milton, Florida 32583

## II.  DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for **every** Defendant:

(1)  Defendant's name:  JAMES CROSBY Jr.

Official position:  Secretary, Florida Department of Corrections

Employed at:  Florida Department of Corrections

Mailing address:  2601 Blair Stone Road

Tallahassee, Florida 32399-2500

(2)  Defendant's name:  J. S. Petrovsky

Official position:  Warden

Employed at:  Santa Rosa Correctional Institution (SRCI)

Mailing address:  5850 East Milton Road

Milton, Florida 32583

(3)  Defendant's name:  BURNHAM

Official position:  Captain

Employed at:  SRCI

Mailing address:  5850 East Milton Road

Milton, Florida 32583

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

Emergency
Request for Protection

C.     Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                    No(   )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

    1. Parties to previous action:
       a.   Plaintiff(s): _Triamond King_
       b.   Defendant(s): _State of Florida_
    2. District and judicial division: _5th District Court of Appeals_
    3. Name of judge: _Not Known_
    4. Approximate filing date: _Not Known_
    5. If not still pending, date of dismissal: _Per Curiam Affirmed_
    6. Reason for dismissal: _Per Curiam -_
    7. Facts and claims of case: _Direct Appeal, ineffective Assistance of Counsel_

    **(Attach additional pages as necessary to list cases.)**

D.     Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes( ✓ )                    No(   )

    1. Parties to previous action:
       a.   Plaintiff(s): _Triamond King_
       b.   Defendant(s): _Moody_
    2. District and judicial division: _Pensacola U.s District Court_
    3. Name of judge: _Not remembered_     Case Docket # _Not remembered_
    4. Approximate filing date: _1991 or 1992_     Dismissal date: _Not remembered_
    5. Reason for dismissal: _Failure to state a claim upon which relief may be granted or it was okay for official to assault Plaintiff_
    **(Attach additional pages as necessary to list cases.)**

Emergency
Request for Protection

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1) On October 14, 2002, Plaintiff was transferred from Florida State Prison (FSP) to Santa Rosa Correctional Institution (SRCI) due to FSP has converted its facility into a mental health institution.

2) On or about October 16, 2002; 7:35 PM, a female Captain [Defendant Burnham] and a tall Male Sergeant approached the cell housing Plaintiff after gassing a inmate a few cell down from Plaintiff.

3) The female Captain state to Plaintiff, "what's your problem, your referring to this area as Klansman and rednecks area, thats what your letter stated." Note: Plaintiff wrote a letter to his mother and farther explaining that he had been moved and what sort of area that officers and inmates claim Santa Rosa County to be. The tall Sergeant stated to Plaintiff, "I have no problem with throwing you over this rail, I have kill an inmate before I have no problem with killing you." Female Captain stated "we will give you a fair chance, we'll take the handcuff's off you." The retaliation began.

4) Plaintiff were told by official that writing grievances here at Santa Rosa C.I. will cause gases to be shot upon his person, the second threat made at Plaintiff. Because of Plaintiff's letter above, on October 17, 2002, Plaintiff's pictures, magazines were thrown away by officials while Plaintiff were in the shower. All pictures taken were of white friends only (See Exhibit-G)

5) On or about October 20, 2002, a defendant Sutton, officer, assumed or thought that Plaintiff had written a grievance against him wherefore Defendant Sutton began denying Plaintiff his lunch trays. Officer Sutton approached the cell housing Plaintiff and stated, "You wrote me up?" Plaintiff stated, "I don't know you, I have'nt been here long." On that day October 20, 2002, Plaintiff was not feed during lunch and everyday thereafter that Defendant Sutton worked, i.e., 9 to 11 days Plaintiff was not feed during lunch, Defendants falsely claiming Plaintiff refuses to eat. Thus denying Plaintiff recreation and telephone privileges.

Continued Pages 9-23

7

Emergency
Request for protection

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

1) The actions of Defendant Burnham (Female Captain) as stated in paragraph 2-3, violates Plaintiff rights to the First and Eight Amendments to the U.S. Constitution to be free to communicate or correspond with family members without threats of death by officials of the Department of Corrections.

(a) Plaintiff claims that Defendant Burnham violated his rights when Defendant Burnham retaliated and concurred with Sargeant John Doe in threatening to throw Plaintiff over the rail to his death. Defendant Burnham stating, " I will give you a fair chance we'll take the handcuffs off you" retaliating due to Plaintiff's letter. All events or incidents follow.

Continued pages 24-31

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes.

1) This Court issue a declaratory judgement against the defendants that would prevent FDOC and its officials and Defendants from ploting or premeditating permanent injury or fatal actions upon the Plaintiff or a permanent injunction be placed against each of the Defendants their agents and friends to prevent any physical harm from coming to the Plaintiff now and in the future for the submission of a grievance or for no reason at all.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

June 19, 2005
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the ___19___ day of _____June_____, 20 _05_.

_____
(Signature of Plaintiff)

Revised 07/02

Emergency
Request for Protection

NOTE:  THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE
FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF
ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding
conditions or events in any prison, jail, or detention center.  42 U.S.C. § 1997e(a).  Plaintiff
must submit copies of all grievances, appeals, and responses with this complaint to verify
exhaustion.  Failure to demonstrate exhaustion may be grounds for dismissal.

### A.  DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes(✓)                    No(  )

[If your answer is NO, proceed to Question B.  If your answer is YES, answer all
of the following questions in this subsection.]

### 1.  Informal Grievance

a.  Did you submit an informal grievance?

Yes(  )                    No(✓)

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b.  If not, why?  Retaliation will occure, thereats of death, denied food
destruction of property act, ect.

### 2.  Formal Grievance

a.  Did you submit a formal grievance?

Yes(✓)    - AND -    No(✓)

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b.  If not, why?  Retaliation is very high here when submitting grievances

### 3.  Appeal to the Office of the Secretary

a.  Did you submit an appeal to the Office of the Secretary?

Yes(✓)                    No(  )

❖ If so, you must attach a copy of the appeal and response; exhibit ____.

b.  If not, why? _____

3

Emergency
Request for protection

4.    **Disciplinary Actions**

a.    Did you have a disciplinary hearing concerning this matter?

    Yes( ✓ )           No( )

    ❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit _____.

b.    Did you lose gaintime as a result of the disciplinary hearing?

    Yes( ✓ )           No( )

c.    Has the gaintime since been restored?

    Yes( ✓ )  – AND –  No( ✓ )

B.    **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

    Yes( )           No( ✓ )

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.    Is there a grievance procedure at your institution or jail?

    Yes( )           No( )

[If your answer is NO, proceed to Section IV of the complaint form.  If your answer is YES, answer all of the following questions in this subsection.]

2.    Did you submit a grievance concerning the facts relating to your complaint?

    Yes( )           No( )

3.    If your answer is YES:

    a. What steps did you take? _____

    b. What were the results? _____

    ❖ If so, you must attach a copy of the grievance and response; exhibit ____.

4.    If your answer is NO, explain why not: _____

_____

Emergency
Request for protection

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

## IV.   PREVIOUS LAWSUITS

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?

   Yes( ✓ )                    No(   )

   1. Parties to previous action:
      a.   Plaintiff(s): THIAMOND KING   Case No. 3000754CA
      b.   Defendant(s): Florida Department of Corrections
   2. County and judicial circuit: Santa Rosa County , First Judicial Circuit
   3. Name of judge: PAUL RASMUSSEN
   4. Approximate filing date: 9/10/2003
   5. If not still pending, date of dismissal: Still Pending
   6. Reason for dismissal: Still Pending
   7. Facts and claims of case: Writ of Mandamus - Disciplinary matter, Inmate
      Stated that Plaintiff didnt threaten him but found guilty at hearing based on officer statement
      **(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes(   )                    No( ✓ )

   1. Parties to previous action:
      a.   Plaintiff(s): _____
      b.   Defendant(s): _____
   2. District and judicial division: _____
   3. Name of judge: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____
   7. Facts and claims of case: _____
      _____

   **(Attach additional pages as necessary to list other federal court cases.)**

Emergency Request
for protection

PART V. STATEMENT OF FACTS CONTINUED

6) Plaintiff wrote attorney Ms. Lisa White Shirley of Florida Institutional of Legal Services, Inc., Gainesville, Florida, due to the fact Plaintiff's grievance would not be answered and more servere treatment would occure due the submission of a grievance. (See Grievance sent to Attorney as Exhibit-A, there will be atleast 6 to 7 grievance hereto as Exhibit-A). The grievances were sent to Attorney Ms. Lisa White Shirley so that she may forward them to the FDOC Grievance Department for an response. See. Dear Court, Sorry, unfortunately the Grievances that Plaintiff intanded to present as Exhibit-A, is missing from my property. Ms Shirley can varify that Grievances were Sent to her office to be mailed / forwarded to FDOC.

7) Ms. Lisa White Shirley, Attorney, wrote a Mr John Backer of FDOC, immediately thereafter, officer Sutton's danial of lunch trays to Plaintiff has stop, and phone and racreation privileges began. (See Exhibit-B, Letter to John Backer), Letter dated November 14, 2002.

8) In December 2002, Plaintiff were reasigned from Close Management (CM) 1 to CM2. Plaintiff completed CM2 due to his ability to abide by rules and regulations, follow orders and based on the letter dated November 14, 2002 to Mr John Backer of FDOC letter written by Ms. Lisa White Shirley, Attorney. (See Exhibit-B ).

9) Around June 5, 2003, Plaintiff were reassigned from CM2 to CM3 due to his willingness to get out of CM Confinement housing (as inmates call it, " Get out of the Gas Chambers") and due to Plaintiff's adhearance to rules. On June 12, 2003 a officer Suttles danied Plaintiff the right to shower for no warranted reason. Plaintiff requested to speak with a Sergeant Dean, Defendant and E-Dorm Supervisor concerning the danial of showers, dayroom and telephone usage-- Plaintiff's request was met with a statement by Defendant Suttles, " get away from the door inmate before I gas your ass!"

10) On the same day, June 12, 2003, Defendant Suttles again approached Plaintiff stating " You know tomorrow when you go to work I could have officers, (Resticted Labor Squad Officers "RLS officers") shoot your ass. The RLS is supervised by gunnary officials which such a threat could be easily carried out and coverd up. The threat was taken seriously due to the way numerous inmates have been murder by officials in FDOC and all death has been made to look as if the inmate(s) murder himself.

Statement of Facts, Continued:

11) Plaintiff requested to speak with a Defendant Sergeant Dean, E-Dorm Supervisor, concerning the denial of his shower, day room and telephone privileges -- Plaintiff's request was met with a statement by Defendant Suttles, "get away from my door inmate before I gas your ass."

12) On or about June 13, 2003, Plaintiff wrote the Warden of Santa Rosa Corr. Inst., a simple request for interview, explaining that he had previously gain CM III status and was afraid that officials were again intentionally to place him back on CMI due to Plaintiff's attempt to do good and get out of CM (Close Management) confinement, also explaining to the Warden that he was being denied showers asking the warden what must he do to receive a shower, Plaintiff's request for interview was never answered, however...

13) On or about June 24, 2003 a Defendant Dean, approached the cell housing Plaintiff and his roommate stating, "you writing my officer up, I got something for you." Defendant Dean then hand cuffed both Plaintiff and his roommate removing them from the cell and placing them down the hall in a shower stall where Plaintiff could not see the cell and his property.

14) Defendants Dean and Suttles headed toward Plaintiff cell remaining in the cell for 15 minutes. Defendant Suttles remove Plaintiff and his roommate from the shower placing them back in their cell. Defendants didnot bother/touch Plaintiff's roommate Property yet destroying the cell with Plaintiff's property by dumping over 85 envelopes and its contents on the floor, under the bed, in the sink, some envelopes destroied, taking personal magazines - legal cases, documents concerning this matter; deliberately scratching both pare of Plaintiff's prescription eye glasses beyound repare, thus Plaintiff has been without reading glasses from June 2003 to November 2003 (maybe longer). Defendants kept approaching cell stating "if you dont get that shit off the floor in 10 seconds I will gas your ass." It took Plaintiff 2 hours to clean up cell thus Defendant Suttles radioed in telling officials to "turn the lights" out while Plaintiff were cleaning up his property.

15) On that same day June 24, 2003, Defendant Brown denied Plaintiff a lunch tray due to Plaintiff writing a request to warden concerning being denied showers, see Statement of fact # 12.

Statement of Facts, Continued:

16) On June 25, 2003, Plaintiff was required to remaine in his and not go to work with the Restricted Labor Squad (RLS) due to he was schedule to see medical personnel. Four officials approached Plaintiff's cell door, hand cuffed him and remove him from cell to see medical personnel. Once Plaintiff were out of his cell a Defendant Gielow confronted Plaintiff concerning the request that Plaintiff had written to Warden concerning the denial of showers, Sergeant Gielow-Defendant, stated in a hostile tone of voice, " You like writing up my officers?" Plaintiff began explaining to Sergeant Gielow-Defendant what happen, Defendant Gielow stated, " Shut up. I dont want to hear it, I've got to investigate a request you wrote against my officer,'

17) That same day, June 25, 2003, Defendant Brown again denied Plaintiff his food tray during lunch.

18) On June 25, 2003, around 12:15 AM, a inmate in cell E-1113, next door to Plaintiff, were having problems with his roommate. That inmate produce a letter showing it to Defendant Gielow that his roommate threaten him. Defendant Gielow then approached the cell housing Plaintiff and his roommate - Inmate Silva, Defendant Gielow asking Inmate Silva, if he wanted to move next door in Cell E-1113. Inmate Silva Stated, " No, I'm doing fine where I'm at - I do not want to live with a homosexual." Defendant Gielow then left cell door.

19) About two or three minutes later Defendant Gielow returned to cell door, stating to Plaintiff, " Pack your shit your moving next door." Plaintiff began packing his prop-erty. Plaintiff also explained to Defendant Gielow that he was having problems with the same inmate in cell E-1113 and that problems will occure if he is placed in cell with inmate.

20) Defendant Gielow became extremely up-set giving both Plaintiff and Inmate Silva a direct order to turn around and cuff-up. Inmate Silva and Plaintiff were both hand cuffed. Inmate Silva was then removed from the cell placing him in the Shower. Defend-ant Gielow returned to the cell housing Plaintiff turning off all water in the cell and never removing the hand cuffs from Plaintiff then calling a Captain Burnham to the dorm for the purpose of gasing Plaintiff, Defendant Gielow stating, " Will teach you about filing request - leave the Warden out of our business!"

11.

Statement of Facts, Continued.

21) Captain Burnham arrived at Plaintiff's cell door Stating, "it looks like he was trying to pack to me, take those cuff's off him". Defendant Gislow falsely stated that Plaintiff had refuse to pack his property when notifying the Captain, it would seem.

22) Plaintiff was then moved to a single man cell or a cell where inmates are stripped, gassed, beat, denied food abused-Cell E-1122. Inmate Silva was placed back in Cell E-1114, and the inmate in cell E-1113 who were having problems with his roommate was moved to cell E-1114 with inmate Silva.

23) At work on June 26, 2003, Inmate Silva informed Plaintiff that Defendant Gislow intends to gas Plaintiff, put Plaintiff on a management meal, i.e., dog food, and strip Plaintiff of all clothes and property. Thus Defendant Gislow threaten Inmate Silva to falsify documents against Plaintiff - inmate Silva informed Plaintiff of this. The above taking place due to Plaintiff submitted a request to Warden concerning showers being denied to him. Inmate Silva made a written statement that Plaintiff never threaten him.

24) On June 26, 2003, upon Plaintiff's return from work with the RLS he received a Disciplinary Report falsely claiming that he had threaten his roommate, Inmate Silva, on June 25, 2003. " Note: Officials also understand that a charge of threats can hold a inmate in CM for years and in prison - its considered a serious charge" (See Exhibits - D ) Inmate Silva states in writing that Plaintiff never threaten him.

25) On June 27, 2003, Plaintiff appeared before the disciplinary hearing team on the above charge spoken Threats. Plaintiff plead not guilty to charge, however; he was found guilty by the Disciplinary Team despite Inmate Silva's written witness statement of no threats made toward him. (See Exhibit - E ).

26) Plaintiff appeal the hearing team decision to both the institutional Warden; Defendant Petrovosky and Secretary of FDOC, Defendant James Crosby, Jr., both Defendants agreed with the actions of the hearing team. (See Exhibits - F ).

27) On June 30, 2003, Defendant Gislow approached the disciplinary confinement cell housing Plaintiff on the above charge and stated, " I had you move to a single man cell so I could gas you and put you on strip status. I dont care what the Warden or Colonel say, the DR was only just the beginning." Inmate James Higgs DC# 0-166-345 was present during Defendant Gislow's statement.

Statement of Facts, Continued:

28) Plaintiff were denied request forms and grievance to contact leading officials in Tallahassee, ia, FDOC. Wherefore Plaintiff used a plain sheet of paper to contact the Warden, explaining that every time a inmate contacts the Wardens office he, Defendant Petrovsky, he would send a officer to retaliate against the Plaintiff or inmates. Finally after all of the above took place the institution Investigator or Inspector spoke with Plaintiff concerning the facts numbers. See Exhibit-

29) On or about July 7 or 8, 2003, Plaintiff were moved from E-Dorm to B-Dorm where the retaliction continued.

30) Plaintiff were placed in a cell with Inmate James Higgs O-166345. Inmate Higgs signed an appeal for Plaintiff, as witnessing that it was mailed to Warden. The next day, July 9, 2003, officials move Inmate Higgs was moved out of the cell with Plaintiff based on his witnessing and signing of document

31) On July 12, 2003, a officer Butler stated, " You enjoy writing officers up- you want be eating today." Plaintiff was not fed at lunch.

32) On July 13, 2003, around 7:40 AM, a Nurse Mc Caige, call Plaintiff a "Dumb Ass" and refuse to give him medication in his post surgery needs because officers explain to Nurse McCaige that Plaintiff had written a request to Warden concerning a officer Suttles denying him showers.

33) On July 13, 2003, while officials were gasing a inmate for talking on the vent / for no reason, a officer Wallace approached the cell housing Plaintiff and began kicking on cell door housing the Plaintiff and began yelling and stating, " Captain, we have a fuck boy kicking on his door, you pussy bitch, you and your mamma suck dick, we will teach your fuck ass about filing grievance fuck boy!"

34) Plaintiff is very afraid to file a grievance here at Santa Rosa Correctional Institution due to fear he will be shot with gases until the skin peels from his body and that more and more false reports will be written to continue Plaintiff's stay in prison and in Close Management confinement, which Plaintiff has been in confinement since 1994.

35) Due to Plaintiff's request to Warden of Santa Rosa Correctional Institution concerning Plaintiff being denied showers, Plaintiff was placed on restrictions where he was unable to use the phone nor contact his family, his mail was cut

Statement of Facts, Continued;

off from leaving, or entering the institution, Plaintiff has been given seerate infraction from Zone (when writing the Warden concerning showers being denied) 2003 until January 2004, all gain time was withheld, no notice were given to to Plaintiff to inform him that he is being punished with restrictions from day room, telephone, recreation privileges, and denied 20 days gain time for each month noted above. (See Exhibit - F2)

36) In July 2003, Plaintiff were released from solitary confinement on the above mention charge of Spoken Threats, noted in Statement of fact # 24, and was immediately given a job as a houseman which consist of passing out food moping and keeping the dorm clean. Plaintiff worked morning meals and Dinner meal.

37) In the morning during feeding Plaintiff worked for Defendants Cook and Stone receiving good reports, However;

38) On August 28, 2003, Plaintiff wrote a simple request to Defendant Cook concerning his gain time - The request may have been alittle sarcastic although the request was neither degrading, disrespectful nor exhibiting any derogatory language. Nevertheless, Plaintiff's request infuriated Defendant Cook to the point that Defendant Cook conspired with dorm Supervisor, Defendant Stone to falsely claim that Plaintiff threaten him with a mop. (See Exhibit - G).

39) On or about August 28 or 29, 2003, the request mention above in Statement of fact # 38, Defendant Cook received the request, concerning gain time, written by Plaintiff. (See Exhibit - G)

40) On August 29, 2003, Defendant Cook approached the cell door housing Plaintiff and stated, " I received your love note, we will answer that."

41) On August 30, 2003, Defendant Stone (Defendant Cook's Supervisor) approached cell door housing Plaintiff stating, " you wrote my officer up, you will pay for that, get ready."

42) On September 1, 2003, Sgt. Stone wrote Plaintiff a false disciplinary report claiming Plaintiff threaten him with a mop in hand. (See Exhibit - H).

43) Plaintiff was found guilty of the charge. (See Exhibit - I).

14.

Statement of Facts, Continued:

44) Plaintiff appeal the disciplinary hearing team decision to Defendant Patrovsky - Warden; Plaintiff's appeal was approved, overturning the disciplinary report and disciplinary hearing team decision.(See Exhibit-J). Note before the decision was overturned Plaintiff served 16 days disciplinary confinement, all privileges restricted and Plaintiff has not been able to work to receive gain time.

45) Plaintiff requested that wing monitor camera taping be brought to disciplinary hearing - it was not. The taping would show that Defendant Stone didnot remove plaintiff from his cell for morning feeding.

46) While Plaintiff were on CM1 and CM2 at Santa Rosa Plaintiff received gain time. However, when Plaintiff were assigned to Close Management (CM) 3, and writing of the request noted in Statement of Fact # 12 above, Plaintiff didnot receive gain time for 8 months, all privileges were restricted which has prolonged Plaintiffs stay in prison.

47) On September 9, 2003, Plaintiff forward a " emergency or sensitive nature grievance." to the Secretary of FDOC; however, Defendant Patrovsky - Warden, intercepted Plaintiff's grievance returning the grievance without processing.(See Exhibit-K ).

48) On October 22nd, 2003, Defendant Cook denied Plaintiff the right to participate in recreation (outdoors recreation) privileges, informing his dorm supervisor, falsely, that Plaintiff threaten him causing the dorm supervisor to threaten Plaintiff with gass.

49) On November 19, 2003, a Defendant O, Stanford conspired with official of B-Dorm in writing the CM recommendation events that happen in 1992 and designing the most crucial report that would cause Plaintiff to be placed on CM2 where he will do years in confinement (See Exhibit -L) Note the differences in the construction or writing of each report and recommendation to find that hostility, prejudice, and retaliation methods and motives were in the writing of the report (See Exhibits - M

50) A Sargeant of B-Dorm has stated to Plaintiff, " Staff here (at Santa Rosa Correctional Institution) do not like you", wherefore, the Sargeant of B-Dorm would not allow Plaintiff to have any roommates moving five inmates out of the cell housing

Statement of Facts, Continued

Plaintiff; i.e., Pesey Deston DC# B-968913, Stephen Wymer DC # 0-124627, Logan DC # K-04333 and names Plaintiff didnt receive

51) On November 25, 2003, Plaintiff were moved from a double man cell, Cell B-3214 to a single man cell, Cell-3121 which is known by inmates as the gas chambers or torture chambers. The cell contains on cell walls and floors where officials have beat and gased inmates

52) On that same day, November 25th, 2003, Defendant Cook and Defendant Jarvis denied Plaintiff food during the feeding of lunch. Both officer's conspired in the act due to Defendant Cook lead off opening tray flaps during serving. When arriving at Plaintiff's cell door Defendant Jarvis had the tray flap keys in his hand walking past Plaintiff's cell without feeding him, Defendant Cook looking on and smiling.

53) Monitor Cameras were placed in B-Dorm around Mid August 2003 and turned on around late August 2003. The monitor camera will show Defendants Jarvis denying Plaintiff lunch on November 25, 2003. (See Monitor Camera)

54) On November 25, 2003, Plaintiff wrote a letter to Attorney Ms Lisa White Shirley explaining the retaliation that is happening to him. The letter contained a grievance, DCI-303, explaining that my food was taken thus requesting Ms. Shirley to forward the grievance to the Secretary of FDOC. The letter was open and read by officials due to on November 26, 2003, Defendant Cook, approached Plaintiff's cell stating, "you're having fun with that pen of yours, we're going to get your ass" (See Exhibit-N)

55) On November 20, 2003, Plaintiff received a notice that he would be reassigned from Close Management 3 to Close Management 2. (See Exhibit-L)

56) On December 4, 2003, Plaintiff were sentence to close Management 2 confinement. (See Exhibit-L)

57) On December 5, 2003, Defendant Cook were going around telling other inmates, "I got his (Plaintiff) ass put on CM (Close Management) two, if you dont do what I say I will do your ass the same way; and we'er not through with him yet.

58) That same day, December 5, 2003, Plaintiff wrote Defendant J.S. Petrovsky a grievance of a sensitive nature concerning Defendant Cook's actions and statement placing the grievance in inmate grievance drop Box around 8:00 AM. (See Exhibit-P)

16.

Statement of Facts, Continued:

59) The grievance was more than likely removed from the inmate grievance drop box because on that same day, December 5, 2003, about an hour after placing the grievance in the inmate grievance drop box, Plaintiff receive a disciplinary report charging him with a false claim of Spoken Threats, (See Exhibit - Q ), written by Defendant Cook.

60) Defendant Cook falsified a witness statement falsely claiming inmate Posey Deaton DC # B-968913 made a statement against Plaintiff, Defendant Cook forged inmate Posey signature and statement.

61) Based on the false disciplinary report of Spoken Threats Plaintiff was sentence to 30 days solitary confinement 90 days lost of gain time. (See Exhibit - Q )

62) Plaintiff appealed the sentence to both the Warden Defendant J. S. Petrovsky On December 11, 2003 and to Defendant James Crosby on December 16, 2003, both appeals were denied. (See Exhibits - R & S )

63) Plaintiff, on March 7, 2004, filed a Petition for Writ of Mandamus in the First Judicial Circuit Court concerning the above matters from Statements 57 through 62 See Thiramond King Vs Fla. Dept. Corr., Case No. 04-233-CA01-MAN. On November 18, 2004, the Department expunged the challenged disciplinary report from Plaintiff's records. (See Exhibit - T )

64) In December 2003 Plaintiff were moved from B-Dorm to F-Dorm. During the first week Plaintiff attempted to mail letters to Courts and attorney's concerning Defendant Cook's actions, however a Defendant Norris were stopping such attempts by slamming cell tray flap refusing to allow legal mail unless Defendant Norris could read the intire document, which is totally against rules.

65) On December 30th, 2003, Plaintiff filed an informal grievance with the Warden, Defendant J. S. Petrovsky, explaining that Defendant Norris were denying Plaintiff the right to mail legal documents to Courts and attorney's. The informal grievance were forward to dorm Supervisor, Lieutenant Swails whom responded on January 6, 2004, that officials have the right to scan/read all legal documents to Courts and attorneys. (See Exhibit - U )

66) On that same day, January 6, 2004, during Showers, Plaintiff were handcuffed by Defendant Norris and escorted Plaintiff to shower and in rout to shower Defendant

Statement of Facts, Continued:

Norris began call Plaintiff a " pussy nigger " and stating " were going to plant your ass deep here in Santa Rosa" while making gestures with his hand as if he Plaintiff with an imaginary gun, stating were going to get you.

67) On the next day January 7, 2004, some sort of poison was placed in Plaintiff's food causing Plaintiff vomitting, diarhea and severe abdominal pains for approximately three days. Plaintiff became sick immediately after eating the dinner meal which was served on Defendants Norris Shift - 3 to 11 PM Shift. Plaintiff was denied medical treatment officials laughing at Plaintiff's medical condition.

68) On January 8, 2004, Plaintiff requested to stay in cell due to he was not feeling well, at around 5:30 PM, However, the Sergeant stated either come out and shower or get gassed. Plaintiff were placed in shower while officials destroyed his letters to and from attorney's, pictures of more white friends, taking library and personal books. Defendant Norris Shift and Dorm of assignment. (Review Monitor Camera)

69) On that same day January 8, 2004 in Defendant Norris Shift and Dorm assignment Plaintiff were in the process of filing a complaint with the Warden concerning the actions of cell search noted in Statement of fact #68 when a officer Thornton appeared in front of Plaintiff's cell door ; stood there for a few seconds pretending as if he were talking to Plaintiff then leaving cell door. Note: Monitor cameras cannot pick-up sound, only motion, official state this when writing certain disciplinary reports.

70) On January 9th, 2004, Plaintiff received a false retalitory disciplinary report claiming Plaintiff disrespected officer Thornton. (See Exhibit - V

71) On January 16, 2004, Plaintiff were found guilty of the charge and sentence to 60 days lost of gun time and 30 days solitary confinement. (See Exhibit -W)

72) Plaintiff filed his appeal with both Defendants J.S. Petrovsky and James Crosby Jr., both appeals were denied. (See Exhibits- W ) . Note a mandamus patition has been filed in this matter in Santa Rosa Court concerning statement 69 through 72, a final response has not been rendered.

73) On January 7, February 23, March 25, April 29, 2004 Plaintiff filed complaints with the Warden and and Defendant James Crosby concerning statement of fact 64 through 72 . (See Exhibits- X                              ) nothing was done concerning the above

Statement of Facts, Continued:

74) On May 7, 2004, around 9:00 AM, two (2) officers, Defendant Smith and a officer Hawthorne appeared at Plaintiff's cell door giving Plaintiff and his roommate an order to cuff-up, removing both inmates from their cell, placing both Plaintiff and his roommate Wilford Patrick-B-704692 in showers down the Hall. Defendant Smith and officer Hawthorne enter the cell housing Plaintiff dumping all items from Plaintiff's locker, slamming Plaintiff's raida against wall, throwing mattress-sheets-pillow-clothing-pictures of family all over floor. Inmate Patrick property was not touched. Officer Hawthorne stating to inmate Patrick, " that's what'cha get when writing shit-up". No other cells were shaken down/searched on May 7, 2004 during the 7AM to 3PM. (Review monitor camera)

75) Plaintiff sent a grievance and letter to attorney Lisa White Shirley requesting that she forward the grievance to the Secretary of FDOC due to the continued acts of retaliation that goes on and has been committed against Plaintiff for submitting a grievance at the institutional level at Santa Rosa Correctional Institution. (See Exhibits S- Y)

76) On May 30th, 2004, around 9:30 AM, Defendant Smith saw Plaintiff smiling in his cell, took Plaintiff's smile to be offensive, made his rounds then stoping at Plaintiff's cell door and Defendant Smith began stating, " what are you smiling about, I don't give a dam about this job nor fucking your ass up, you want eat today nor tomrrow and I will be in your cell again, you think I fuck your cell up last time, You think you're some bad ass behind that door I will show you." On May 30th, 2004, Defendant Smith denied Plaintiff food during lunch, 10:00 AM. (review monitor camera)

77) It appears that once Plaintiff files a grievance with Defendant J.S.Petrovsky he would send officials to retaliate against Plaintiff for such complaints.

78) On July 5, 2004 Plaintiff was denied food by a Defendant Cash due to Plaintiff requested to leave day room early. Defendant Cash falsely claiming that Plaintiff stated, " You dont talk to me that way", which is defendant Cash reason for denying Plaintiff food and threatening to kill Plaintiff and threaten to be placed on "Close Management One" for remainder of Sentence. A Defendant Rogers

Statement of Facts, Continued:

the officer who concocted with Defendant Cash in denying Plaintiff his food tray thus constantly calling the Plaintiff names such as fuck boy, sissy, fag, licking his tounge at Plaintiff in a sexual gesture. Several officer on that same day attempted to have Plaintiff shot with gased falsely claiming Plaintiff took his roommate tray ie, lunch tray and refuse to turn the tray in during tray pick-up when in actuality officer refuse to open tray flap on cell door so that the tray could be picked up by inmate runners. (Review monitor Camera) Time 10:00 AM

79) On July 5, 2004, Plaintiff filed a complaint with the Warden concerning statement of Fact #78 there has been no response. (See Exhibit -Z) No response given.

80) In July or early August 2004, officials deliberately placed a inmate in the same cell as Plaintiff, a Inmate Barry Evans, #C-097355, whom is known for attacking inmates for no reason while the inmate is hand cuffed.

81) On August 28, 2004, Plaintiff was placed in handcuffs by officials, once handcuffed by officials inmate Barry Evans began assaulting Plaintiff for unknown reasons. The officials who handcuffed Plaintiff merely sat back and watch the assault, doing nothing to aid Plaintiff in his helpless situation. Officials carry gas guns on their person but failed to utilize the gas in a real security matter, nor did officials attempt to open cell door to allow Plaintiff to step out of cell away from assaultive inmate, Plaintiff received cuts in face and head area / permanent scare in face. Plaintiff scream for the officer to help him by opening cell door but to no avail would officials help Plaintiff. When inmate was done assaulting Plaintiff then officials open cell door (without handcuffing the assaulting inmate) to allow Plaintiff the opportunity to step out of cell. Officials calling Plaintiff a human punching bag, making fun of Plaintiff, Defendant Norris stating, "Keep filing grievances".

82) Plaintiff filed a request with the Warden, Defendant J.S. Petrovsky on September 7th, 2004, plaintiff were taken to the Majors office where he was threaten if he said anything else about the assault more would happen to him. (Review Monitor Camera) the request was never returned.

83) On September 13, 2004, Plaintiff filed a request to Warden concerning the assault which was approved on 9/14/04. (See Exhibit- AA)

Statement of Facts, Continued:

84) On September 14, 2004, Plaintiff were transferred to Union Correctional Institution due to emergency weather conditions.

85) On November 30th, 2004, Plaintiff were transferred back to Santa Rosa Correctional Institution.

86) On that same day officials searched property at Union Correctional Institution and at Santa Rosa Correctional Institution in visiting park no illegal substances were found in Plaintiff's property. Property searched in Plaintiff's presence. See Exhibit-

87) On that same day November 30th, 2004, Plaintiff were escorted from visiting park to Close Management Confinement E-Dorm. Again Plaintiff's property was searched, this time outside his presence, (See Exhibit - BB), officials claiming they found narcotics. Plaintiff was found guilty of possession of narcotics

88) Officer Hancock stating, "you were giving problems in F-Dorm, this one is for F-Dorm, you just got yourself a DR, you'll see". Plaintiff's first day back at Santa Rosa Correctional Institution he receives a disciplinary report. (See Exhibit- CC)

89) On December 2 or 3rd, 2004, a inmate was screaming due to officials were torturing him with gasses. Plaintiff was waken from his sleep, went to call door and was told to get off call door and that Plaintiff was the next project to be gased

90) Due to the many threats of more serious bodily harm plaintiff sent request for protection on December 23, 28th 2004 and January 7, 2005. The request of of December 23rd, 2004 was answered by a Captain Dicks/ Defendant Dicks. (See Exhibit - DD)

91) On December 29, 2004, a officer Davis appeared at Plaintiff cell door stating that the Captain wanted to see him. When Plaintiff put his hand out the tray flap to be cuffed officer Davis snatched Plaintiff arm and snatching dental floss off the Plaintiff wrist in a aggressive manner, therefore Plaintiff didnot leave cell do to Defendant Davis actions. (See Monitor camera) (See Exhibit-FF)

92) On that same day December 29, 2004, Defendant Dicks appeared at the cell door housing Plaintiff, holding up Plaintiff's request for protection and stating, " if you write another one of these out of my housing unit I will kill you myself, you have just become my project." (See monitor Camera)

Statement of Facts, Continued:

93) On that same day December 29, 2004, Plaintiff didnot file any grievance with the warden concerning Defendant Dicks statement due to life is a joke to him/ the warden and he would allow his Captain to inflict harm upon Plaintiff's person wherefore, Plaintiff sent letters to Attorneys. Ms Shirley and Mr Siegel, and to Department of Corrections and Chief Justice of Pensacola Federal Court (see Exhibits - EE)

94) On January 30, 2005, Defendant Davis threaten to shot Plaintiff with gases until Plaintiff dies, calling Plaintiff an ignorant nigger and that when his Sergeant returns to wrok (whom gases inmates at will) he would gas Plaintiff until Plaintiff dies.

95) On January 31st, 2005, Plaintiff wrote a grievance to the Warden and dorm supervisor Concerning Defendant Davis statement of threats

96) FDOC and its officials are like the mafia or worst understanding that their Saddam Hussein sadistic torturous like actions will go unquestioned by those in provost position. Plaintiff has tried to avoid official punishment by attempting to put the grievance system behind him due to filing a grievance in FDOC is extrem- ely dangerous. Filing grievances has caused officials to: gas/ shoot gases upon Plaintiff's person and property, poison in food, faces in food, denied food, put in cuffs allowing inmates to attack Plaintiff, numerous false disciplinary reports that courts are reluctant to overturn, tobacco spit in food-on bed clothening, denied gain time for months, held in Close Management torturous confinement, and held in prison for a mandatory term a term plaintiff was not sentence to. No investigation into Plaintiff allegations only more threats of harm and death if plaintiff files for protection. The FDOC do not bridle its officer or hit-man from using murderous actions nor setting Plaintiff up to be hurt by inmates. Is danger present here at Santa Rosa Correctional Institution for the Plaintiff, the question is for the Court. I, the Plaintiff know what the FDOC/Mafia and its hitmen/ officials are capable of doing, the Court can only speculate and guess or assume whet FDOC will do then after death FDOC and its officials will cover the death with falsified reports claiming that Plaintiff Killed himself

97) The disciplinary reports noted herein and above were appeal to the Warden's

Statement of facts: Continued,

office and responded to by a grievance coordinator Defendant Booker. Defendant Booker agreed that it was okay for Defendant Gielow to falsify reports and that Defendant Cook and other defendant's could do the same. Defendant Booker is charged with approving and denying appeals to the wardens office Defendant failed to correct a constitutional wrong up-holding the false reports 98) On February 19, 2004, Plaintiff filed a request with defendant Ledkins, the Inspector of Santa Rosa Correctional Institution concerning an investigation that were to be had against a Defendant Norris who is noted in Statement of fact 64 through 73, nothing was done. On March 24 and April 29, 2004, Plaintiff filed his complaint with the warden and Secretary office of FDOC, again and as alway nothing was done. 99) Close Management Confinement is a confinement where official can abuse inmates at their discretion; a place of tortura and torment; a place where inmates that are locked in a cell together for hours at a time to abuse each others rights and privileges by using predatoral actions and presenting risk to inmates safty and well being. In Close Management Confinement plaintiff's life remains in imminent danger from officers due to Plaintiff's use of the grievance system along with other official torture as noted herein and being placed in a cell with inmates who are extremely violent or predators. (See Exhibit - GG)

Statement of Claims, Continued:

**2)** The actions of <u>Defendant Sutton as</u> stated in paragraphs 5 through 7, violat-es Plaintiff's rights to the First and Eighth Amendments of the U.S. Constitution to be free to address administrative grievances to officials in the Florida Department of Corrections without fear of interference or retaliation of harm mentally nor physically by officials of FDOC

**(a)** Plaintiff claims that <u>Defendant Sutton</u> violated the above constitutional Amendments by assuming that Plaintiff had filed a grievance against him then denying Plaintiff food to eat for several days, denying Plaintiff recreation and phone privileges due to <u>Defendant Sutton</u> assumed that Plaintiff had filed a grievance to staff against him.

**3)** The actions of <u>Defendant Suttles</u> and <u>Defendant Dean</u> as stated in paragraphs 9 through 14 violates Plaintiff's rights to the First and Eighth Amendments of the U.S. Constitution to be free to address grievance to officials within the FDOC without fear of interference, terrorization or retaliation.

**(a)** Plaintiff claims that <u>Defendants Suttles</u> and <u>Defendant Dean</u> violated the above amendments when Defendants <u>Dean</u> and <u>Suttles</u> entered Plaintiff's cell destroying his prescription glasses, dumping over 75 envelopes out containing legal documents onto floor and behind bunk, throwing magazines - pictures - legal case and documents into trash, <u>Defendant suttles</u> threatening to have Plaintiff shot by gunnery officials of the Restricted labor squad, threatening to shoot Plaintiff with gasses because Plaintiff didnot clean up cell in 30 seconds after cell were demolish by Defendants <u>Suttles</u> and <u>Dean</u>. The above actions of <u>Defendant Suttles</u> and <u>Dean</u> is an act of retaliation against Plaintiff due to his submitting a request to Warden Concerning <u>Defendant Suttles</u> denying Plaintiff the right to take showers.

**4)** The actions of <u>Defendant Brown</u> as stated in paragraphs 15 and 17 violates Plaintiff's right to the First and Eighth Amendments of the U.S. Constitution to be free to address grievances to officials in the Florida Department of Corrections without fear of interference or retaliation.

**(a)** Plaintiff claims that <u>Defendant Brown</u> denied him food trays because Plaintiff had written a request to Warden Concerning his showers being denied by Defendant Suttles

Statement of Claims, Continued;

5) The actions of Defendant Gidlow as stated in paragraphs 16 and 18 through 27 violates Plaintiff's right to the First and Eighth Amendments to the U.S. Constitution to be free to adress request or grievance to officials within the Florida Department of Corrections without fear of interference of retaliation.

(a) Plaintiff claims that Defendant Gidlow has written a false disciplinary report against due to Plaintiff had written a request to Warden concerning defendant Suttles denying Plaintiff showers. Defendant Gidlow falsly claimed Plaintiff threaten his roommate, inmate Silva. Plaintiff was found guilty of the false charge despite inmate Silva stating, " My roommate never threaten me." Defendant Gidlow falsly stating to Defendant, Captain Burnham that Plaintiff refuse to pack his property inticing Defendant Burnham to shoot Plaintiff with gases, Defendant Gidlow later threatening to shoot Plaintiff with gases. The false disciplinary report caused to be held in Close Management Confinement where Plaintiff is tortured by officials, loss of 20 days gain time.

(6) The actions of Defendant Cook as stated in paragraphs 37 through 63 violates Plaintiff's right the First and Eighth Amendments to the U.S. constitution to be free to address grievances to officials within the FDOC without fear of interference or retaliation.

(a) Plaintiff claims that Defendant Cook retaliated against him by writing false reports against him due to Plaintiff wrote Defendant Cook a request concerning his gain time. Defendant Cook and Defendant Stone both collaborated in conspiring a false disciplinary report of spoken threats based on request sent August 28, 2003 to Defendant Cook. On August 29, 2003, defendant Cook stated stated to Plaintiff, " I receive your love note, we will answer that." On August 30, 2003, Defendant Stone stated, " you wrote my officer up, you will pay for that get ready". On September 1, 2003 Plaintiff receive a false disciplinary report for, (again), spoken threats. Defendant Cook denied Plaintiff recreation; falsly telling his dorm supervisor Plaintiff threaten him causing Dorm Supervisor to threaten to shoot Plaintiff with gases; Defendant conspiring with Defendant Jarvis in denying Plaintiff food; Defendant Cook again falsly claiming Plaintiff threaten him writing a false disciplinary report against Plaintiff which such false reports causes Plaintiff to be held in a torture confinement cell Close Management and held in prison and denial of gain time

Statement of Claim, Continued:

**7)** The actions of <u>Defendant Stone</u> as stated in paragraphs 37 through 43 Violates Plaintiff's right to the First and Eighth Amendments to the U.S. Constitution to be free to address grievances to officials in the Department of correction without fear of retaliation.

**(a)** Plaintiff claims that <u>Defendant Stone</u> conspired with Defendant Cook in writing a false disciplinary report out of retaliation due to Plaintiff wrote a request to Defendant Cook concerning gain time. The request for gain time caused Defendants Stone to create a charge against Plaintiff claiming Plaintiff threaten him. Plaintiff, on August 28, 2003, Plaintiff filed his request with Defendant Cook, On August 29, 2003, Defendant Cook stated to Plaintiff, " I received your love note, we will answer that". On August 30, 2003, <u>Defendant Stone</u> stated to Plaintiff, " you wrote my officer up, you will pay for that, get ready." On September 1, 2003, <u>Defendan Stone</u> writes a false Disciplinary report claiming Plaintiff threaten him.

**8)** The actions of <u>Defendant Jarvis</u> as stated in paragraphs 52 And 53, violates Plaintiff's right to the First and Eighth Amendments of the U.S. Constitution to be free to address grievances to officials in the Department of Corrections without fear of retaliation.

**(a)** Plaintiff Claims that <u>Defendant Jarvis</u> conspired with Defendant Cook on August 25, 2003, in denying Plaintiff his lunch tray.

**9)** The actions of <u>Defendant O' Standford</u> as stated in paragraphs 49, violates Plaintiff's rights to the First and Eighth Amendments to the U.S. Constitution to be free to address grievances to officials in the Department without of retaliation

**(a)** Plaintiff Claims that <u>Defendant O' Stanford</u> Conspired with officials and Defendant Cook due to his acquaintance with officials of B-Dorm and being assigned to B-Dorm as a Classification officer, drafted the Close Management Recommendations and reports in the most harmful way to continue Plaintiff stay in Close Mangement Confinement and prison.

**10)** The actions of <u>Defendant Norris</u> as Stated in paragraphs 64 through 73, violates Plaintiff rights to the First and Eighth Amendments to the U.S. Constitution to be free to address grievances to officials through mail or other legal source

Statements of Claims, Continued:

without fear of death, ~~threats~~ of death and retaliation.

(a) Plaintiff claims the Defendant Norris denied Plaintiff the right to mail legal mail out of the institution to attorneys concerning his fellow officers unless Defendant Norris could read the out going legal mail. Plaintiff file a grievance concerning the denial to mail legal mail; On January 6, 2004 a respons was render by the lieutenant; On January 6, 2004, Defendant Norris threaten to bury Plaintiff deep in Santa Rosa that he and many others were going to bury Plaintiff. On January 7, 2004, Plaintiff's food was poison, On January 8, 2004, Plaintiff pictures and letters were destroied, books taken; and a officer Thornton stood in front of Plaintiff's cell door pretending as if he were talking to Plaintiff, (to make it look good for monitor camera) writing Plaintiff a false disciplinary report for disrespect to official.

11) The actions of Defendant Smith as stated in paragraphs 74 through 76 Violates Plaintiff's rights to the First and Eighth Amendments to the U.S. Constitution to be free to address grievances to officials in the Department of Corrections without fear of retaliation.

(a) Plaintiff claims that on May 7, 2004 Defendant Smith and his co-worker entered the cell housing Plaintiff and his roommate, dumping all items from Plaintiff's locker Slaming Plaintiff's radio against wall, throwing mattress blankets onto floor based of officer Hawthorne Statement, "that's what'ch get when writing shit up." Then on May 30th, 2004, Defendant Smith denied Plaintiff food/lunch out of retaliation. (See Monitor Camera)

12) The actions of Defendant Cash as state in paragraphs 78 - 79, violates Plaintiff rights to the Eighth Amendment of the U.S. Constitution to be free from cruel acts, or retaliation.

(a) Plaintiff claims that Defendant Cash became extremely hostile due to Plaintiff's request to lock-in his cell such a request cause Defendant Cash to state to Plaintiff, "You want eat, all your privileges will be taken for the remainder of Plaintiff Stay on Close Management Confinement, threats of "we will get you", and threats of being placed on Close Management One (I) before completing Close Management 2

Statement of Claim, Continued :

On July 5, 2004 the first threath was carried out -- Defendnat Cash conspired with Defendant Roger in denying Plaintiff food/lunch than attempting to have Plaintiff shot with gases by falsely claiming Plaintiff refuse to relinquish lunch tray given to his roommate when in actuality Defendant Roger refuse to open tray flap inorder to receive food tray. (See Monitor Camera)

(13) The actions of Defendant Roger as stated in paragraph 78, Violates Plaintiff's right to the Eighth Amendment to the U.S. Constitution to be free from cruel acts of retaliation.

(a) Plaintiff claims that Defendant Roger conspired with Defendant Cash by denying Plaintiff food thus calling Plaintiff such names as fuck boy, sissy, fag, licking his tounge at Plaintiff in a sexual gesture, thus attempting to have Plaintiff shot with gases claiming Plaintiff refuse to relinquish food tray given to Plaintiff's roommate. (See Monitor Camera)

14) The action of the Defendant Petrovsky as stated in paragraphs 80 through 83, Violates Plaintiff Plaintiff's rights to the First and Eighth Amendments of the U.S. Constitution to be free to address grievances to official in the Department of Corrections without fear of officical threatening Plaintiff, without being assaulted by inmates/ or premeditated assaults.

(a) Plaintiff Claims that Defendant Petrovsky may have organize the assault upon Plaintiff due to it is a fact amongst inmates who know Inmate Evans that Inmate Evans do assault inmates while handcuffed; When Plaintiff were being assaulted officials did nothing to stop the assault, Officials calling Plaintiff a human punching bag; Defendant Norris stating, "Keep filing grievances" that more would happen; and when filing a grievance to Warden Concerning the assault; the Warden, Defendant Petrovsky has the major threaten Plaintiff that if he saids another word about the assault more incidents would happen to him, the incident was referrad to the investigator yet no investigation was conducted of Plaintiff. (Review Monitor Camera Concerning assault and visit to Major).

15) The actions of Defendant Dicks as stated in paragraphs 90 through 92, Violates Plaintiff rights to the First and Eighth Amendments of the U.S. Constit-

Statement of Claim, Continued:

ution to be free to address request for protection without being threaten for requesting such protection.

(a) Plaintiff claims that on December 23rd and 28th, 2004, after numerous threats to be gased and false reports and lost of numerous documents, threats of death, Plaintiff requested the Security Department for protection as suggested by the the Secretary of FDOC and Warden of Santa Rosa Correctional Institution, for such a request Defendant Dicks Threaten to Kill plaintiff if he writes another request for protection.

16) The actions of Defendant Davis as stated in paragraphs 91 and 94 violates Plaintiff's rights to the Eighth and First Amendments in the U.S. Constitution to be free of threats of Death and assaults by officials based on Plaintiff submitting a grievance.

(a) Plaintiff claims that because Plaintiff were to seel the captain for protection request he had filed for such a request Defendant Davis snatch Plaintiff's arm very roughly. Plaintiff filed an informal grievance with the lieutenant concerning Defendant Davis actions, Defendant Davis threatens to gas Plaintiff until he dies.

17) The action of the Defendant James Crosby, Jr., Sectary of Florida Department of Corrections as stated in paragraphs 1 through 97, violates Plaintiff's rights in the United States Constitution to be free of retaliation based on submission of a grievance, threats of Death and assaults.

(a) Plaintiff claims that he has filed numerous of grievance with Defendant James Crosby yet Defendant Crosby has never resolved any such complaints merely cause the matter or problem to escalate concerning retaliation, he allows his officials to threaten, gas, beat, murder, file false charges and disciplinary reports, deny food to inmates, torture, destory personal property put human body waste and poison in food - file a grievance or complaint for such acts and officials will merely get worst with approval from the Secretary, Defendant James Crosby. Allowing his officials to write false reports and hurt inmates based on the submission a grievance he will not correct, denying all grievances sant to his office concerning official conduct or agreeing that his official has done no wrong - there is no help here in FDOC

Statement of Claim, Continued.

18) Each Defendant noted herein can be fairly characterized as a stat actor acting under color of state or Federal law whom holds or has held positions in the Florida Department of Corrections whom are authorized to exercise care, custody, and control and state and administrative authority within the Florida Administrative codes and Florida Statutes chapter 20.315 [6], F.S. 944.09, First and Eighth Amendment of the United States Constitution yet Defendants has willfully misuse of power possessed by virtue of state law and made possible only because defendants are clothed with the authority of state and Federal law which the defendants act has been of deliberateness, wantonness and willful disregard of Plaintiff's rights secured in the Constitutional laws. Therefore, the harm that the Constitutional laws were created to prevent is directly imputed to the defendants act and or omission and should be held strictly liable for any and all deliberate, recklessness and wanton willfull conduct which is being applied to Plaintiff by defendant's maliciously and sadistically for the very purpose of causing harm to Plaintiff in any way form or fashion. Under the First Amendment Plaintiff enjoys the right to address officials within the Florida Department of Corrections through the approva administrative remedies under 42 U.S.C. § 1997a (b)(2)(1983) concerning officials conduct in good faith and prison official should not be allowed to retaliate against Plaintiff for exercising his right to address. Under the Eighth Amendment of U.S. Constitution Plaintiff enjoys the freedom from wanton malicious and sadistic type punishment or retaliation.

Defendants each of them has and is now at this very moment deliberately retaliating against Plaintiff bases on his submitting a grievance or request with defendants in provost position which defendant rules requir that no reprisal acts shall be taken against an inmate for the submission of a grievance or request. However, defendants retalitory methods are being done maliciosly with a delight in inflicting cruelty and causing harm in some form or fassion, and that form and fashion of retalitory punishment use against Plaintiff done by law abiding officials are, 1) false written disciplinary report; 2) false hidden rule violations call the unsatisfactory disciplinary report, (Unsat, DR) a disciplinary report that is written whenever and by whoever and whenever thus the Plaintiff does not know who has written the violation nor

30.

Statement of Claim, Continued:

does the Department give you an opportunity to challenge the infraction wich such reports cause no gain time to be given-done to Plaintiff almost every month; 3) to be held in Close Mangement Confinement / torture chambers for years; 4) Causing Plaintiff to do a mandatory term Sentance in FDOC. Note In 1991 Plaintiff were sentance to 20 years in the Florida Department of Corrections which a third of the sentance were deducted. Due to FDOC writing numerous of false reports like the ones mention herein, Plaintiff has loss the intire Third 2400 days Basic gain time and is now doing a mandatory term of 20 years; 5) no visits; 6) no job given to Plaintiff where he is able to receive work gain time; 7) no reareation; 8) no phone use; 9) denied day room privileges; 10) Denied food for days and weeks; 11) harmful items placed in food; 12) human body waste placed in food, 13) officials tampering with mail; 14) destroying personal property; 15) Stealing of items from mail or property; 16) Setting Plaintiff up to be assaulted by inmates; 17) Plaintiff was not sentance to the department of corrections to receive inhuman and inhumane treatment at the hands of officials.

19) The actions of <u>Defendant Booker</u> as stated in paragraphs 1 through 98, violates Plaintiff's rights to the First and Eighth Amendments of the U.S. Constitution to be free to address grievances to officials in the FDOC without fear of death, threats or rataliation.

(a) Plaintiff claims that <u>Defendant Booker</u> has violated the above admendments when he agreed with defendants actions. Defendant Booker is charged with reviewing and responding to grievances and has agreed with the false reports written against Plaintiff by Defendants in keeping Plaintiff lock in Close Management Confinement and prison

20) The actions of <u>Defendant Ledkins</u> as stated in paragraphs 64 through 73 and 98 violates Plaintiff rights to the First and Eighth Amendment to the U.S. Constitution to be free to address grievances to officials in the FDOC without fear of death, threats or rataliation.

(a) Plaintiff claims that <u>Defendant Ledkins</u> is charged with investigating inmate and official conduct brought to Ledkins attention, however, <u>Defendant Ledkins</u> stated that the monitor camera does not record officials actions and that all Plaintiff allegations are false. All officers of FDOC claims that inmate statements are false.

Relief Requested:

2) This Court issue an injunction that would prevent Defendants, Defendants friends, agents, or any person employed for FDOC from destroying any other evidence, falsifying reports or documents against plaintiff, and poisoning and having other inmates assault Plaintiff.

3) This Court declare that Close Management Confinement by its very definition, 33-601.800(4)(d), and reason for placement, 33-601.800(2)(b) 1.,2.,a.,b.,c.,f.,h. gives reason for inmates to assault other inmates and that FDOC has merely created a Confinement cage where inmates can fight to the death or hurt each other at will and that officials failed to render Plaintiff help in a helpless situation

4) This Court declare that placing inmates that has a behavioral problem and has demonstrated an inability to live in general population without abusing the rights and privleges of others, a patteran of predatoral acts which makes an inmate a threat to others, has a patteran of behavior during the present period of incarcer ation involving acts of violence or theats of violence, Present's a risk to another inmate's safty and well being -- poses imminant danger to the Plaintiff.

5) This Court declare that Plaintiff were at the time housed in Close Management Confinement in a two man cell amongst the above type inmates, in the care of the department, defendants did place plaintiff in handcuffs allowing an inmate to assault Plaintiff numerous times and deliberately failed to stop the assault upon the Plaintiff by using the gas guns that defendants do carry on their person or deliberately failing to assist Plaintiff in his helpless position

6) This Court declare that evidence in exhibits do demonstrate defendants retalitory and predatorial acts upon Plaintiff has cause Plaintiff to suffer both mentally and physically and that such acts do violate Plaintiff's Constitutional rights.

7) This Court declare that a constitutional violation is present and that FDOC be required to surrender all monitor camara taping in this matter for review in this Court, that an investigation be conducted by this court room to find that FDOC is placing Plaintiff's life in danger, that many many even thousand of inmates in Close Management have been retaliated against for the submission of a grievance and that officers are deliberately writing false reports to hold inmates in Prison and Close Management Confinement where officials can torture inmates even kill them at will.

Relief Requested:

8) This Court declare that any other evidence to prove that false reports has been written a to continue Plaintiff's stay in FDOC be used as evidence to prove this case, and declare this case to be of greate public importance due to official are and has been writting false disciplinary reports to deny an inmate early release from prison deliberately falsifying reports and documents

9) This Court declare that a clear and present danger or imminent danger do exist and that the court assistance is needed due to defendants have no fear of courts nor the law and understand that they are able to get away with the murder of an inmate without being questioned

10) This Court declare compensatory damages in the amount of $300,000⁰⁰ is proper due to defendants violated Plaintiff's constitutional rights when Defendants place Plaintiff in handcuff's allowing an inmate to assault plaintiff numerous times without rendering the smallest amount of assistance to cassist Plaintiff in his helpless situation, Plaintiff receiving permanent damage

11) This Court declare that compensatory damages in the amount of $150,000⁰⁰ for emotional distress and mental anguish due to Defendant lives in fear of more retaliation, official placing poison in food, officials deliberately placing Plaintiff in a cell where inmates will assault plaintiff, madness due to Plaintiff was assaulted by an inmate and no actions were taken against that inmate.

12) This Court declare that punitive damages in the amount of $285,000⁰⁰ due to defendants reckless or callous disregard and intentional violations of Plaintiffs constitutional rights and of federal laws, in that defendants blatantly falsified documents to deliberately hold plaintiff in prison and in a confinement cell close Mangement where official can torture inmates with denial of food, human body waste in food, denial of access to courts, false disciplinary reports, deliberately threatening Plaintiff for filing a grievance(s) and requesting for protection, calling Plaintiff a baby rapist in front of many inmates, knowingly writing false reports to continue Plaintiff's stay in prison and deliberately destroying Plaintiff's property, racially discriminating in the taking of photos

Relief Requested Continued

13) This Court appoint an U.S. Marshal of The Federal Court to conduct an investigation of inmates in Close Management Confinement to understand the false reports and torture that goes on in said Confinement.

14) That counsel be appointed to represent plaintiff in these issues raised.

15) That a Jury trial be had on all issues herein

16) That all court cost and any equity, injunctions, declaratory judgement relief be imputed to this case toward the appropriate party

17) This Court ensure the safty of the Plaintiff for he is greatly in fear of his life here and that FDOC will not provide any protection when requested.

Continued From Page 2, Section 2 Defendants

| | | | |
|---|---|---|---|
| (4) SUTTON | Milton, Florida 32583 | SRCI | (21) STANFORD |
| Officer | | 5850 East Milton Road | Classification Officer |
| SRCI | (10) STONE, K | Milton, Florida 32583 | SRCI |
| 5850 East Milton Road | Sergeant | | 5850 East Milton Road |
| Milton, Florida 32583 | SRCI | (16) ROGERS | Milton, Florida 32583 |
| | 5850 East Milton Road | Officer | |
| (5) SUTTLES | Milton, Florida 32583 | SRCI | |
| Officer | | 5850 East Milton Road | |
| SRCI | (11) JARVIS | Milton, Florida 32583 | |
| 5850 East Milton Road | Officer | | |
| Milton, Florida 32583 | SRCI | (17) DAVIS | |
| | 5850 East Milton Road | Officer | |
| (6) DEAN | Milton, Florida 32583 | SRCI | |
| Sergeant | | 5850 East Milton Road | |
| SRCI | (12) STANFORD | Milton, Florida 32583 | |
| 5850 East Milton Road | Classification Officer | | |
| Milton, Florida 32583 | SRCI | (18) DICKS | |
| | 5850 East Milton Road | Captain | |
| (7) BROWN | Milton, Florida 32583 | SRCI | |
| Officer | | 5850 East Milton Road | |
| SRCI | (13) NORRIS | Milton, Florida 32583 | |
| 5850 East Milton Road | Officer | | |
| Milton, Florida 32583 | SRCI | (19) BOOKER | |
| | 5850 East Milton Road | Grievance Coordinator | |
| (8) GIELOW, W. | Milton, Florida 32583 | SRCI | |
| Sergeant | | 5850 East Milton Road | |
| SRCI | (14) SMITH | Milton, Florida 32583 | |
| 5850 East Milton Road | Officer | | |
| Milton, Florida 32583 | SRCI | (20) LEDKINS | |
| | 5850 East Milton Road | Institutional Inspector | |
| (9) COOK WR | Milton, Florida 32583 | SRCI | |
| Officer | | 5850 East Milton Road | |
| SRCI | (15) CASH | Milton, Florida 32583 | |
| 5850 East Milton Road | Officer | | |

Continued From Part IV, Previous Lawsuit, Subsection "A"

1. a Plaintiff: Thiamond King  04-233-CA01-MAN
   b. Defendants: Fla. Dept. of Corr.
2. Santa Rosa County, First Judicial Circuit
3. Paul Rasmussen
4. March 7, 2004
5. Still Pending
6. Still Pending
7. Writ of Mandamus, Disciplinary matter, officer forging documents State move to dismiss as moot in that FDOC expunged the DR restoring lost gain time

4. In December 2004
5. Still Pending
6. Still Pending
7. Mandamus petition, Incentive Gaintime awards being denied arbitrarily

Continued from Part IV, Subsection "C"

1. a Thiamond King
   b State of Florida
2. 5th District Court of Appeal
3. Not Known
4. August 30, 1994
5. Per Curiam affirmed
6. Reason: Per Curiam
7. Postconviction Relief

1. a Thiamond King - 04-305-CA01-MAN
   b Fla. Dept. of Corr.
2. Santa Rosa County, First Judicial Circuit
3. Paul Rasmussen
4. March 31, 2004
5. Still pending
6. still pending
7. Writ of Mandamus, Disciplinary matter, officer claiming Petitioner disrespected him

1. a Thiamond King
   b State of Florida
2. Orange County, 9th Judicial Circuit
3. Not Remembered
4. March 2, 1995
5. March 23, 1995 Denied
6. Reason: Per Curiam in 5th DCD
7. Motion to Correct Sentence

1. a Plaintiff: Thiamond King  03-1028-CA01-MAN
   b Defendant: Fla. Dept. of Corr.
2. Santa Rosa County, First Judicial Circuit
3. Paul Rasmussen
4. March 31, 2004
5. Denied / dismissed  August 31, 2004
6. Time Barred under 95.11(8) Florida Statutes
7. False disciplinary reports to cover up a gasing

1. a Thiamond King
   b State of Florida
2. 9th Judicial Circuit
3. Frederick Lauten
4. September 30, 2003
5. Denied, Per Curiam
6. Per Curiam
7. DNA Testing

1. a Thiamond King  2004-CA-1479
   b Defendant: Fla. Dept. of Corr.
2. Leon County, Second Judicial Circuit
3. Ralph Smith, Jr.

Continued From Part IV, Previous Lawsuit, Subsection "A"

1.a. Petitioner: Thiamond King 2005 CA 000205

   b. Respondent: Florida Department of Corrections

2. Leon County Court Second Circuit

3. Ralph Smith Jr.

4. February 10, 2005

5. Still pending

6. Still pending

7. Mandamus, disciplinary action

1.a. Petitioner: Thiamond King 2005 CA 000230

   b. Respondent: Florida Department of Corrections

2. Leon County Court, Second Judicial Circuit

3. Ralph Smith Jr.

4. February 10, 2005

5. Still pending

6. Still pending

7. Mandamus, disciplinary action

1.a. Petitioner: Thiamond King: 04-764-CA01-MAN-D

   b. Respondent: Florida Department of Corrections

2. Santa Rosa County Court, First Circuit

3. Ron Swanson

4. April 19, 2005

5. Still pending

6. Still pending

7. Mandamus, disciplinary action

1.a. Petitioner: Thiamond King: 05-94-CA01-MAN

   b. Respondent: Florida Department of Corrections

2. Santa Rosa County Court, First Circuit

3. Ron Swanson

4. April 19, 2005

5. Still pending

6. Still pending

7. Mandamus disciplinary action

1.a. Petitioner: Thiamond King: 04-553-CA01-MAN-D

   b. Respondent: Florida Dept. of Corr.

2. Santa Rosa County Court, First Circuit

3. Ron Swanson

4. April, 2005

5. Still pending

6. Still pending

7. Mandamus, disciplinary action

4.a. Appellant: Thiamond King 1DO5-1643

   b. Appellee: Santa Rosa County Court

2. First District Court of Appeal

3. Unknown

4. May 1, 2005

5. Still pending

6. Still pending

7. Mandamus, compel lower court

4.a. Appellant: Thiamond King: SC05-412

   b. Appellee: James Crosby

2. Florida Supreme Court

3. Unknown

4. March 11, 2005

5. Still pending

6. Still pending

7. Writ of Prohibition

Continued From Part - IV, Subsection "C"

1. a. Plaintiff: Thiamond King
   b. Defendants: Michael Moore

2. First District Court of Appeal

3. Not Known, etc.

4. Feb 2002

5. Denied

6. Denied

7. Writ of Certiorari Disciplinary

---

1. a. Thiamond King
   b. Fla Department of Corr

2. Bradford County Court

3. Sanders

4. Dec 2000

5. dismissed/ Per Curian in Fist DCA

6. dismissed due to court claims failure to produce Inmate bank Statement

7. Tort Complaint, FDOC placed Plaintiff in continement for an act he didnot commit

---

1. a. Thiamond King
   b. State of Florida

2. U.S. District Court, Pensacola

3. Not Known

4. Not Known

5. Denied and Denied in 11th circuit Court of Appeals

6. Habeas Corpus Agreed with lower Court decision

7. Habeas Corpus time had expired to file a habeas Corpus while case on Appeal in First DCA

---

1. a. Thiamond King
   b. State of Florida

2. U.S. District Court, Orlando

3. Not Remembered

---

4. Not Remembered

5. Denied

6. Agreed with lower Court

7. Habeas Corpus Ineffective Assistance

---

Continued from Part IV Subsection "D"

1. a. Thiamond King
   b. H. Talmor, et al

2. Jacksonville U.S District Court

3. Ralph W. Nimmons Case No. 98-26-Civ-J-21C

4. January 8, 1998, February 12, 1998

5. Plaintiff would not have received better treatment in Society, 11th Cir Dis. Court agreed

---

1. a. Thiamond King
   b. John Doe

2. Jacksonville U.S. District Court

3. Not Readable

4. July 17, 1997, July 21, 1997

5. Didnot provide prison account statement dismiss without prejudice

---

1. a. Thiamond King
   b. O'Neal, et. al

2. Jacksonville, US District Court

3. Harvey E. Schlesinger,  95-01017

4. October 16, 1995, July 28, 1987

5. Dismissed for unknown Reasons

---

1. a. Thiamond King, ect - Rodney McCray
   b. Tom McAndrews et al

2. Jacksonville U.S. District Court

3. Richard D. Statton, 98-66-CIV-J-21A

4. January 29, 1998, February 5, 1998

5. Dismissed without prejudice

Continued from Part IV  Subsection "D"

1. a. Thiamond King

  b. Tom McAndrews, et al

2. Jacksonville, U.S District Court

3. Ralph Nimmons, 99-387-civ-3-21c

4. April 27, 1998, January 25, 1899

5. Failure to give a reasonable alternative dismissed
on Appeal in the 11th Circuit as frivolous

<u>AFFIDAVIT</u>

I, THEAMOND KING - 342775, do hereby swear that the following state-ment of declaration is true and correct and made with the freedom of choice to do so; and of actual experience or knowledge thereof:

The Administrative Grievance Procedure are documents/forms utilize by inmates whom have difficulties with resolving internal problems within the institution involving officials/staff. The Administrative Grievance is required by the dep-artment, certified by the United States Attorney General Under standards set forth in 42 U.S.C § 1997 a (a)(1)(1988). However, this approved administrative grievance procedure is extremely harmful and deadly to an inmate's physical and mental health. Due to my willingness and right to utilize the administrative grievance procedure I have been shot with gasses, denied food, assaulted by officials, body waste placed in food, poison placed in food, denied medical treatment, threats of death, written false reports, denied gain time, **held** in prison, held in a confinement cell "Close Management" where the above and below Saddam Hussein torture like conduct is inflicted upon Plaintiff and other inmates, officials handcuffing Plaintiff and allowing inmates to assault him, water turned off in cell for hours, eye glasses deliberately scratched, personal pictures and property destroied, denied recreation, phone use, day room, visitation, written numerous of false accusations, denied protection when requested ect, ect. Plaintiff's life is in extrem danger here at Santa Rosa Correctional Institution. Several officials has threaten to kill Plaintiff and when requesting protection from those in provost positions, yet Plaintiff was threaten by a Captain. The retaliation is endless in FDOC Close Management housing units in that Plaintiff was shot with gasses for refusing to accept a state attorney's plea offer in an assault charge he never committed- the charge was later dismissed due to no evidence of assault. There is no resolution in sight yet the torture is endless. Minor grievances concerning gain time or filing a grievance against a nurse will cause the denial of food, officials ordering inmate runners to not put trays in cell or to put only one food tray into a two (2) man cell or ordering the inmate runner to dump food trays on floor in front of cell of a grievant inmate officials writing him several Disciplinary Reports, denying him gain time, placing him on Dog food to eat. I have no power to stop FDOC and its officials from its use of unnecessary force, torture, pain mentally and physically and death Close Management Confinement is merely a torture chamber. Close Management Confinement poses such a hardship on the Plaintiff that the acts cannot be consider ordinary acts in relations to general population, theres no way Close Management Confinement can

SANTA ROSA CI   Law Library

Manufactured by Calhoun Education Dep

1

be compared to general population. Monitor cameras has been installed in SHOS Close Management Confinement units due to the hidden murder of inmate Frank Valdez. After the murder Frank Valdez in July 1999, the department of corrections turn from the beating of inmates and started using other means of torture inmates malicious and sadisticly within close Management confinement. Plaintiff can be easily killed or murder in FDOC by officials or set up by officials to be murdered or killed and all medical records and any other documents falsified to make it look as if Plaintiff killed himself. Officials has no fear of any actions being taken, all officials state " Who do you think courts will believe me or an inmate." This would seem as though Courts has given FDOC and its officials a license to invent false report and torture inmates due to officials do understand that their actions will go unanswered. FDOC is now sabotaging matters in this case. Plaintiff would request that this court allow an investigation be taken by the U.S. Marshals and this Court provide Plaintiff with protection from these officer or Defendants at Santa Rosa Correctional Institution. Do not take my word for what is written (because all inmates are consider as lie by Courts and FDOC) investigate inmates and prison records that what is written is true.

Anything further Plaintiff sayeth no more at this time.

Respectfully,

THIAMOND KING - 342775

Under the penalties of perjury, I declare that the foregoing affidavit and the facts stated in it are true and correct in accordance with section § 92.525 Florida Statutes (2004)

Signed By:

Dated: June 19, 2005

<u>AFFIDAVIT</u>

I, TRIAMOND KING, do hereby swear that the following statement is true and correct and made on my own free will and from my own personal knowledge:

When an inmate submits a grievance to the Warden of Santa Rosa Correctional Institution (SRCI), and or, the Secretary of the Florida Department of Corrections (FDOC) regarding and official's misconduct retaliation is inevitable and causeless. The methods and form of retaliation use by officials are as follows: " The Saddam Hussein and Adolf Hitler like torture with shooting gases on my person that causes the skin to peel from my body; denial of food for days; human body waste, bleach, commet and substances of a foreign nature that has cause me to be extremely sick with officials stating " you're not dead yet"; numerous false disciplinary reports use to cover up unnecessary torture which has caused over 6000 days gain-time to be forfeited/taken by FDOC causing a mandatory sentence a sentence not issued by courts; Ten (10) years in a torturous confinement call Close Management (CM); destruction of property; threaten to be murdered by staff; placed in handcuffs by officials attacked by inmates while officials watched; denial of the right to receive gain-time; denial of privileges and many other unethical inhumane unnecessary abuse and torture....." In fact, every grievance I have submitted to appropriate staff has been denied; sent to prison Inspector whom has also found no wrong doings committed by staff or the grievance has gone unanswered

The grievance procedure was fully certified by the United States Department of Justice in March of 1992 pursuant to the requirements of Section 944.09 and 944.331, F.S., however such use of the inmate grievance procedure has been fruitless, useless and a waste of tax payers money. When submitting a inmate grievance to appropriate staff no resolution to internal, sensitive, reprisal and emergency problems has been sought by officials, only acts of retaliation and torture.

I have requested protection from certain officials to avoid harassment, torture and any freakish incidents with over 20 grievance filed describing the officers actions, all grievances were denied without an investigation. A incident occurred costing me the remainder of my gain-time 374 days because I use the grievance procedure to avoid harm. Threats of more harm and murder is sure to come here at this institution merely because officials said it would thus all other threats has been carried out by staff. I do not feel safe mentally nor physically with death sure to come at any moment — such has been promised by leading officials. Wherefore this court issue the necessary protection in this matter due to the Warden and Secretary will not provide such. Also, on 3/23/05 a incident took place due to the Warden and Secretary would not investigate a situation I did my best to avoid, by filing grievances to appropriate staff. Due to my filing grievance the remainder of gain time

1.

378   was taken. There's nothing I can do to avoid retaliation in FDOC. Rehabilitation is a hoax, a mirage and ludicrous inside SRCI and FDOC. However, gas, torture, starvation, pain and mental deterioration is the method used for correction. Due to numerous false disciplinary reports written by officials, based on retaliation, Im now being held illegally imprison. All threats have been carried out except murder threats but should I wait until death occurs to seek help? Please help, because FDOC will not.

　　　Anything Further I sayeth no more at this time.

_____
THIAMOND KING-342775

I, THIAMOND KING, Under Penalties of Perjury declare that I have read the foregoing affidavit and the facts stated theirin are true and correct in accordance with section 92.525 Florida Statute (2005)

Dated: June 19, 2005

_____
THIAMOND KING-342775