IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THIAMOND D. KING, #342775,
    Plaintiff,

vs.                                    Case No.:  3:05cv226/RV/EMT

JAMES CROSBY, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted.

       Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Section IV.C. of the civil rights complaint form asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 6).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed several cases filed in the state courts, as well as two cases filed in the federal courts, specifically, King v. State of Florida, a habeas corpus action filed in the United States District Court for the Northern District of Florida, and King v. State of Florida, a habeas corpus action filed in the

United States District Court for the Middle District of Florida (*see* Doc. 1 at 6, 36, 38). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court, other than the two cases listed, that otherwise relate to his imprisonment.

Section IV.D. of the civil rights complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1 at 6). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed King v. Moody, filed in the Northern District of Florida in 1991 or 1992, and five cases filed in the Middle District of Florida, specifically, King v. Talmor, et al., Case No. 3:98cv26, filed January 8, 1998, King v. Doe, Case No. 3:97cv898, filed July 17, 1997, King v. O'Neill, et al., Case No. 3:95cv01017, filed October 16, 1995, King v. McAndrews, Case No. 3:98cv66, filed January 22, 1998, and King v. McAndrews, et al., Case No. 3:98cv387, filed April 27, 1998 (*see* Doc. 1 at 6, 38-39). Thus, Plaintiff has in effect stated that he has had no other actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc 1 at 8).

Upon review of the file, this Court takes judicial notice that as of the date Plaintiff filed his complaint, he had previously filed King v. Okaloosa County, et al., Case No. 3:93cv30294, and King v. Strickland, Case No. 3:92cv30458 in the Northern District of Florida, as well as King v. Doe, Case No. 3:97cv893, King v. McAndrews, et al., Case No. 3:98cv225, King v. Santa Rosa C.I., Case No. 3:02cv1000, King v. Santa Rosa C.I., et al., Case No. 3:03cv943, and King v. Crosby, Case No. 3:04cv209 in the Middle District of Florida. Further review reveals that all of these cases were dismissed prior to service and were in the nature of civil rights, filed pursuant to 42 U.S.C. § 1983. Plaintiff failed to list these cases in his complaint (*see* Doc. 1).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection

with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's false responses to go unpunished.

The undersigned recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff is advised that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and the clerk be directed to close the file.

2. That all pending motions (*see* Docs. 3, 7) be **DENIED** as moot.

At Pensacola, Florida, this 2nd day of August, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**